UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL WHEELER,

               Plaintiff,

v.

JUDGE WALTER SHAPERO,

               Defendant.

_____/

Case No. 12-10964

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MICHAEL J. HLUCHANIUK

## ORDER DENYING MOTION TO STAY [2]

Before the Court is *pro se* Plaintiff Rachel Wheeler's Emergency Motion to Stay [2]. Plaintiff filed a petition for mandamus arguing Plaintiff argues that United States Bankruptcy Judge Walter Shapero should be disqualified from hearing further actions in her bankruptcy case because of Plaintiff's allegations of bias and judicial misconduct on the part of Judge Shapero.

For the reasons stated below, Plaintiff's Motion to Stay is DENIED.

**Standard for Writ of Mandamus**

The All Writs Act provides for the use of writs such as writs of mandamus. 28 U.S.C. § 1651(a). The remedy of mandamus is an extreme one, to be used only in extraordinary situations. *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976). It is available only when no other adequate means of relief is available. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." *Id.* Generally, writs on mandamus afford relief only from final judgments. *Will v. United States*, 389 U.S. 90, 96 (1967). However, the Sixth Circuit has ruled that a court may "review on its merits [a] petition for mandamus under circumstances involving alleged conflict of interest an/or appearance of impropriety under § 455." *In re Aetna Cas. & Sur. Co*, 919 F.2d 1136, 1143 (6th Cir. 1990) (en banc). The court in *In re Aetna* found that immediate review of the petition for a writ of mandamus, rather than appeal after the case had been decided, was

appropriate in circumstances alleging judicial impropriety. *Id.* at 1139.

**Standard for Stay**

"In determining whether to grant a stay after the filing of a petition of mandamus, district courts consider: 1) the likelihood that the moving party will prevail on the merits of the petition; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the Court grants the stay; and 4) the public interest in granting the stay." *McGuire v. Warner*, 2009 WL 3823038, at *3 (E.D. Mich. Nov. 12, 2009) (citing *Sloan v. BorgWarner, Inc.*, 2009 WL 2524750 (E.D. Mich. Aug. 14, 2009)).

Plaintiff does not address the above four factors and instead provides case law regarding the grant of a stay of a federal action when a parallel state action exists. Cognizant of Plaintiff's *pro se* status, the Court nevertheless finds that Plaintiff has failed to meet the standard for a stay after the filing of a petition for a writ of mandamus.

**Likelihood of Prevailing on the Merits**

First, the Court finds that Plaintiff is unlikely to prevail on the merits of her petition. The majority of Plaintiff's allegations against Judge Shapero concern Judge Shapero's decisions regarding the merits of Plaintiff's various motions, as well as discretionary functions such as the scheduling of orders. Plaintiff also makes general allegations of bias against Judge Shapero based on "prejudicial statements on the record," in this case, Judge Shapero referring to the defendant in the bankruptcy case, Wells Fargo, as the "mortgagee," a fact Plaintiff contends is part of the underlying dispute. Plaintiff also presents affidavits of individuals who claim to have been present in court proceedings where Judge Shapero was "curt and impatient." Finally, Plaintiff alleges that Judge Shapero engaged in *ex parte* communication with the defendant at a status conference on August 25, 2011 prior to Plaintiff's arrival. Plaintiff characterizes this action as Judge Shapero providing "legal advice" to defendant.

28 U.S.C. § 455(a) requires that any judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge . . . they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display.

*Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (emphasis in original).

It is unlikely that Plaintiff will prevail on the merits of her claim that Judge Shapero's rulings in her case demonstrate bias or partiality. Moreover, allegations of a "curt and impatient" demeanor are unlikely to establish bias partiality. Similarly, Judge Shapero referring to the defendant as the "mortgagee," although Plaintiff contests that fact, is unlikely to establish bias or partiality.

Finally, Plaintiff does not include Judge Shapero's opinion denying Plaintiff's motion for recusal in her petition, and therefore the Court bases its determination only on Plaintiff's representations of Judge Shapero's conduct. Nevertheless, Plaintiff is unlikely to prevail on the merits of her claim that Judge Shapero's *ex parte* communication with the defendant's counsel in Plaintiff's bankruptcy case establishes bias or impartiality. Plaintiff alleges that on August 25, 2011, she was to appear at a status conference before Judge Shapero. Plaintiff alleges that she arrived at 1:30 P.M. and waited outside of Judge Shapero's courtroom, which was locked, until 2:10 P.M. Plaintiff then went to the clerk's office, where she was told that the status conference was being held in Judge Shapero's chambers.[1] Plaintiff proceeded to Judge Shapero's chambers, where she "discover[ed]

---

[1] The Court notes that Plaintiff does not allege that holding a status conference in chambers is irregular. The Court notes that this is, in fact, the practice of this Court.

Judge Shapero and opposing counsel . . . engaging in unethical ex parte communication regarding my adversary proceeding." "I witnessed written notes on the table . . regarding their ex parte discussion of my adversary proceeding." Plaintiff does not explain or allege what communication was taking place as she entered the room, nor how she knew that the "notes" on the table involved discussion of her case. Judge Shapero allegedly told Plaintiff that he had started talking to opposing counsel because Plaintiff was late to the status conference.

The Court is not persuaded that Plaintiff will prevail on the merits of her claim that the above incident would induce a reasonable person to question Judge Shapero's bias or impartiality. Plaintiff's allegations that Judge Shapero and opposing counsel were discussing her case are conclusory. Setting aside the question of whether Judge Shapero engaged in discussion of Plaintiff's case, "to make out a case for recusal under § 455(a), a movant must rely on extra-judicial conduct rather than matters arising in a judicial context." *Bradley v. Milliken*, 620 F.2d 1143, 1157 (6th Cir. 1980). The Court finds that Judge Shapero's communications with opposing counsel were in a judicial context, as they took place in Judge Shapero's chambers at a regularly-scheduled status conference. Moreover, Plaintiff was supposed to have been present at said conference, lessening the likelihood that any *ex parte* communication that took place would establish bias or impartiality. *See Reed v. Rhodes*, 179 F.3d 453, 468 (6th Cir. 1999) (upholding district judge's denial of motion for recusal when it was undisputed that plaintiff was invited to meetings at which communication took place). While Plaintiff's confusion regarding the place of the meeting may be understandable, the prompt appearance of opposing counsel and Judge Shapero's decision to speak with counsel is unlikely to establish bias or impartiality.

**Irreparable Harm**

The Court finds that Plaintiff is unlikely to suffer irreparable harm absent a stay. This Court has jurisdiction to hear appeals from the final judgments and orders of a bankruptcy court. 28 U.S.C.

4

§ 158(a)(1). Alternatively, this Court may, at the Court's discretion, hear appeals from interlocutory orders. 28 U.S.C. § 158(a)(3). Thus, should this Court later grant Plaintiff's petition for mandamus, and should Plaintiff suffer harm in the form of adverse rulings due to Judge Shapero's alleged bias or impartiality, Plaintiff has the ability to appeal said rulings to this Court.

**Prospect of Harm if Stay is Granted**

The Court finds that this factor weighs slightly against Plaintiff. The defendant in the case below may suffer some harm if the bankruptcy case is stayed pending resolution of Plaintiff's Petition for Mandamus. However, the Court finds this factor to be a minor factor in its decision.

**Public Interest**

The Court finds the public interest militates against granting this stay. Given that the Court finds that Plaintiff is unlikely to prevail on the merits and will not suffer irreparable harm, the Court finds that granting a stay under such circumstances might encourage the frivolous use of allegations of bias against judges for the purpose of delaying litigation. Such a result would be against the public interest in the expeditious resolution of grievances before courts.

**Conclusion**

For the reasons stated above, **IT IS ORDERED** that Plaintiff's Emergency Motion to Stay [2] is **DENIED**.

SO ORDERED.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 14, 2012        Senior United States District Judge

---

**CERTIFICATE OF SERVICE**

I hereby certify on March 14, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 14, 2012: **Rachel Wheeler via U.S. Mail and to rcwheeler1@yahoo.com by email.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182